

### Re: Muse

**Richard Zambon** <rick@zambonlaw.com>
Wed 3/6/2019 2:17 AM
You; Sharon Turek; James Fisher; mary_cndefenders.com

Mr. Champion: I don't know how to make it any clearer to you: the actual conflict is that one, or perhaps two, co-defendants have made inculpatory statements potentially implicating the co-defendants. If that's not a conflict of interest I don't know what is. Whether it's waivable is up to the judge.
We have NOT disparaged you to OUR clients, just the opposite. We have told our clients it is up to the judge to determine who the counsel is. We don't have a dog in this fight.
As far as you only having had 5 federal cases I believe Judge Quist told the clients that on the record and Judge Quist stated you had never tried a case in WDMI. True?
If the clients want to hire you I have no quarrel with that. That's their decision and ultimately Judge Quist's decision.
Don't you dare blame Ms. Chartier for engaging in the "grievable offense" of continuing to represent her client by continuing to see him at the jail: we have all done that and we are ethically obligated to do so.
You are not the attorney of record. You never even filed an Appearance until ordered to do so. We have been appointed by the court until the court rules otherwise.
You state in your nearly 20 years in practice you have never had an attorney fail to sign a substitution of attorney form. Let me tell you that in nearly 40 years of practice I have never seen an attorney try to represent 3 defendants in a criminal matter let alone a Federal criminal conspiracy case.
I encourage you to come to our pre-planned meeting tomorrow and review the discovery material and decide for yourself if there is a conflict of interest.
Rick

Sent from my iPhone