UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MUSE A. MUSE,<br>MOHAMED S. HAJI, and<br>MOHAMUD A. MUSE,<br><br>    Defendants. | Case No. 1:19-cr-0025<br><br>Honorable Gordon J. Quist<br><br>**RESPONSE TO COURT'S ORDER REGARDING REPRESENTATION** |

Mary Chartier, counsel for Mohamed Haji, files this response to this Court's order of February 28, 2019. (Order, RE 46, Page ID # 104.) As an initial matter, counsel concurs in the filings by Richard Zambon (Answer to Court's Directive, RE 47, Page ID # 105) and Sharon Turek (Memorandum in Response, RE 50, Page ID # 131).

As it relates to this Court's order to confer with Mr. Champion to discuss representation, Mr. Champion was given the opportunity to meet with counsel on four different days to review discovery and confer about representation. He chose not to do so either in person or by telephone. Instead, counsel has been in email correspondence with Mr. Champion.

As stated in the motion filed on February 15, 2019, and in court, counsel believes there are actual conflicts that exist in this case. The most obvious are the purported inculpatory statements given by two of the defendants after their arrests.

1

"An obvious divergence of interest exists between a defendant who denies his guilt and a codefendant who not only confesses his own complicity but also accuses the other of participation in the crime." *Sawyer v. Brough*, 358 F.2d 70, 73 (4th Cir. 1966). "We conclude that it would be utterly impossible for one attorney to effectively serve both of these conflicting interests." *Id*. "The salient fact remains that divergent interests did exist, and therefore an opportunity was presented for the impairment of [the defendant's] right to the unfettered assistance of counsel. It is not necessary that [the defendant] delineate the precise manner in which he has been harmed by the conflict of interest; the possibility of harm is sufficient to render his conviction invalid." *Id*.

Finally, Mr. Champion makes numerous allegations in his pleading that are inaccurate and, quite frankly, not worthy of a response. But Mr. Champion's pleading requires that counsel state the obvious for the benefit of Mr. Champion. His actions or inaction are solely his responsibility. Counsel did not prevent him from filing an appearance or a motion to resolve the matter of his representation. And counsel has no authority to prevent or allow Mr. Champion to represent Mr. Haji – that authority is solely within the discretion of this Court.

                                        Respectfully submitted,

<u>3/7/2019</u>                          <u>/s/MARY CHARTIER</u>
Date                              Mary Chartier

Certification of Delivery

I hereby certify that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system.  A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
1905 Abbot Road, Suite 1
East Lansing, MI 48823
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com