UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-cr-00025 |
| Plaintiff, | Honorable Gordon J. Quist |
| v. | **MOTION TO UNREDACT DISCOVERY** |
| MOHAMED SALAT HAJI and MOHAMUD ABDIKADIR MUSE, | |
| Defendants. | |

_____

Mohamed Haji, through his attorney Mary Chartier, and Mohamud Muse, through his attorney James K. Champion, move this Court to order the government to provide unredacted discovery. The redacted reports are infringing on Mr. Haji and Mr. Muse's constitutional rights as detailed in the accompanying brief. Counsel has attempted to resolve this issue with the government to no avail despite that the defense is already under a protective order.

Respectfully submitted,

08/20/2019  /s/MARY CHARTIER
Date        Mary Chartier

1

| | |
|---|---|
| 08/20/2019 | /s/JAMES K. CHAMPION |
| Date | James K. Champion |

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-cr-00025 |
| Plaintiff, | Honorable Gordon J. Quist |
| v. | **BRIEF IN SUPPORT OF MOTION TO UNREDACT DISCOVERY** |
| MOHAMED SALAT HAJI and MOHAMUD ABDIKADIR MUSE, | |
| Defendants. | |

---

Mohamed Haji, through his attorney Mary Chartier, and Mohamud Muse, through his attorney James K. Champion, file this brief in support of their motion to unredact discovery. The redacted reports are infringing on Mr. Haji and Mr. Muse's constitutional rights as detailed below.

## Analysis

I. **Mr. Haji and Mr. Muse's constitutional rights require that materials be unredacted so that counsel can effectively represent Mr. Haji and Mr. Muse and a defense can be prepared.**

The government has provided a number of reports with significant

redactions. For example, a report dated June 30, 2017 and labeled Serial 1092_redacted, redacts the name of the person who prepared the report, the person who approved the report, and other information including content in both the Synopsis and Details sections. There are also redactions in the apparent timeline of events. Notably, the redactions in this report and others do not allow counsel to see the name of the government employees who repeatedly communicated with Mr. Haji and Mr. Muse and other information related to the investigation and communications.

"It is well-settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57; 107 S. Ct. 989; 94 L. Ed. 2d 40 (1987). Evidence is material if it can be used to counter the government's claims or bolster a defense. *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). The government has an obligation under *Brady v. Maryland*, 373 U.S. 83, 87; 83 S. Ct. 1194; 10 L. Ed. 2d 215 (1963), to disclose evidence that is material to either guilt or punishment. Moreover, even evidence that the government may claim is covered under the Classified Information Procedures Act

4

cannot be withheld if it is relevant and helpful to the defense. *United States v. Amawi*, 695 F.3d 457, 470-471 (6th Cir. 2012); see also *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989).

Mr. Haji and Mr. Muse have provided notices of their intent to argue entrapment. Further, a defendant may also challenge the conduct of the government's actions during an investigation as a violation of the Due Process Clause of the Fifth Amendment. See, e.g., *United States v. Barger*, 931 F.2d 359, 362-364 (6th Cir. 1991). Accordingly, the conduct of the government's agents and employees will be at issue. The government cannot charge these young men with serious crimes and then withhold evidence that is necessary for them to prepare and present their defense. The government is in possession of this material, yet they have chosen to redact portions of numerous documents. Issues related to the investigation, actions of the government agents and employees, who these people are, and what these agents and employees did are critical to the defense of Mr. Haji and Mr. Muse. What was said and done by government employees and agents is relevant to the context of what was purportedly said and done by Mr. Haji and Mr. Muse.

Mr. Haji and Mr. Muse are not making mere conclusory allegations about the need for this information. Cf. *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970). Numerous reports with redactions state that the information is pertinent to the investigation. The following is included in numerous reports: "The information contained herein has been determined by the FBI to be pertinent to and within the scope of an authorized law enforcement activity and should be considered in the context of the assessment of predicated investigation to which the information relates."

Based on what counsel can determine from the redactions, the items hidden are not covered by the Jencks Act, 18 U.S.C. § 3500. Moreover, the government has provided no justification for the redactions. Mr. Haji and Mr. Muse were communicating with government employees. Government employees are not informants, so the government cannot claim the "informant privilege." The rationale behind the "informant privilege" is the encouragement of citizens to communicate with law enforcement about the commission of crimes. *Roviaro v. United States*, 353 U.S. 53, 59; 77 S. Ct. 623; 1 L. Ed. 2d 639 (1957). This is inapplicable to government employees who are being

6

directed by government agents. Moreover, even keeping the identity of informants secret must give way to the fundamental requirements of fairness. *Id.* at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. This is certainly even more applicable when the redactions apply to government agents and employees. Mr. Haji and Mr. Muse's constitutional rights encompass the effective assistance of counsel and the right to present a defense. In order for those rights to be protected, the redacted information must no longer be withheld.

## Conclusion

The government's secrecy in this case is withholding information that is necessary for Mr. Haji and Mr. Muse to defend themselves. The government's habit of redacting is infringing on their constitutional rights. It is fundamentally unfair for the government to conceal evidence that undermines the strength of the government's case and that is necessary for Mr. Haji and Mr. Muse's defense. Accordingly, Mr. Haji and Mr. Muse respectfully request that this Court grant their motion and

order the government to provide unredacted copies of the discovery provided in this case.

           Respectfully submitted,

<u>08/20/2019</u>        <u>/s/MARY CHARTIER</u>
Date           Mary Chartier


<u>08/20/2019</u>        <u>/s/JAMES K. CHAMPION</u>
Date           James K. Champion


## Certification of Delivery

I hereby certify that on August 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

<u>/s/MARY CHARTIER</u>
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com