UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MOHAMED SALAT HAJI,

       Defendant.
_____/

Case No. 1:19-CR-25-02

HON. GORDON J. QUIST

## SCHEDULING ORDER

On February 26, 2020, the Court held a status conference to discuss scheduling in this case. The Court intended to set this case for trial in April, but defense counsel informed the Court that she would like additional time to file dispositive motions. Having considered the parties' requests and the additional time needed to prepare for trial,[1] the Court sets the following deadlines:

**IT IS HEREBY ORDERED** that jury selection and trial shall commence on **Monday, July 20, 2020, at 8:30 AM**, in the United States District Court, Courtroom 499, Federal Building, 110 Michigan, NW, Grand Rapids, Michigan. Counsel and the parties shall be present in the courtroom at 8:30 AM to address preliminary matters. A copy of Judge Quist's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov).

---

[1] The Court notes that it has previously addressed Defendant's Speedy Trial rights. Defendant has waived his Speedy Trial rights. Defendant was also present at this status conference. Nonetheless, after considering the factors under § 3161(h)(7)(B) and the unique circumstances of this case, the Court finds that the additional time needed to adequately prepare for trial in this complex case is warranted, and a miscarriage of justice would result absent a continuance. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (B)(ii).

**IT IS FURTHER ORDERED** that Defendant shall file all dispositive motions by **April 10, 2020**.

**IT IS FURTHER ORDERED** that a final pretrial conference will be held on **June 23, 2020, at 3:00 PM**, in the United States District Court, Courtroom 499, Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan. Counsel who will try this case shall appear at the final pretrial conference. The attendance of the defendant is required. The parties should also note that this Court will establish its schedule and allocate its resources at the time of the final pretrial conference. Therefore, the parties should take note of U.S.S.G. § 3E1.1(b).

**IT IS FURTHER ORDERED** that at the final pretrial conference the parties shall:

1. Discuss any legal issues including motions in limine or other evidentiary issues which may arise during the course of trial. **Motions in limine shall be filed by July 1, 2020**.

2. Enter into stipulations of uncontested facts.

3. Inform the Court and defendant as to whether plea offers have been made to defendant, and defendant's response thereto. The Court does not engage in plea negotiations.

4. Inform the Court and defendant whether or not defendant is subject to deportation upon conviction.

5. Submit a proposed preliminary jury instruction defining the nature of the alleged offense and the elements of that offense.

6. Disclose the identity of all expert witnesses and agree, if possible, upon the qualifications of expert witnesses.

7. Agree, if possible, upon the admissibility of exhibits. The parties shall mark their exhibits for identification prior to the final pretrial conference.

8. Advise the court of the number of witnesses expected to be called and estimated length of trial.

9. The attorneys must become acquainted with and know how to operate the Court's digital projection system. Paper copies of exhibits will be given to the jury during their deliberations.

10. Review jury selection procedure.

11. **Proposed voir dire questions shall be filed by July 13, 2020**. The Court will conduct voir dire and give the parties an opportunity to inform the Court of additional questions they would like to be asked.

12. Trial briefs shall be filed by **July 13, 2020**.

13. **Joint proposed jury instructions shall be filed by July 13, 2020**. The parties shall meet and confer regarding jury instructions. At the final pretrial conference, the parties must submit a joint set of jury instructions. The parties must identify the instructions upon which they agree and disagree. The parties must also submit a brief statement of the nature of any disputes relative to the jury instructions. This Court uses the Sixth Circuit *Pattern Criminal Jury Instructions* (West Publishing).

14. If not previously made available to the other party, the government and defendant shall, on or before **June 22, 2020**, make available to each other pursuant to Fed. R. Evid. 1006 all summaries which the party intends to introduce into evidence plus duplicates of the supporting documents which have been summarized. At the final pretrial conference, the court will inquire regarding the admissibility of the summaries.

**IT IS SO ORDERED**.

Dated: March 3, 2020

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE