UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MOHAMED SALAT HAJI,
   a/k/a SALAMUJAHID ALMUHAJIR,

       Defendant.
_____/

No. 1:19-CR-00025-2

Hon. Robert J. Jonker
Chief U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Mohamed Salat Haji (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating 18 U.S.C. § 2339B(a)(1) as charged in Count 1 of the Indictment, the following must be true:

    a.    Defendant conspired or agreed with one or more other individuals to knowingly provide material support or resources to a foreign terrorist organization;

    b.    Defendant knew that the organization was a designated terrorist organization, or that the organization has engaged or engages in terrorist activity or terrorism; and

    c.    Defendant is a U.S. national or the offense occurred in whole or in part within the United States.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalties.</u> The statutory maximum sentence the Court can impose for a violation of 18 U.S.C. § 2339B(a)(1) is the following: 20 years in prison; a fine of $250,000; a lifetime of supervised release; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Denaturalization.</u> Defendant understands that the conviction in this case may subject him to denaturalization if he is a naturalized or derivative United States citizen.

5. <u>Supervised Release Defined.</u> Supervised release is a period of time following any term of imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Beginning in or about January 2017, and continuing through on or about January 21, 2019, within the Western District of Michigan, Southern Division, and elsewhere, Defendant conspired and agreed with his co-defendants Muse Abdikadir Muse ("Muse Muse") and Mohamud Abdikadir Muse ("Muse") to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to the Islamic State of Iraq and al-Sham (also known as the Islamic State of Iraq and the Levant, Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Dawla al Islamiya, ISIL, and ISIS) (collectively "ISIS"). Defendant was aware that ISIS is a designated foreign terrorist organization, that ISIS has engaged or engages in terrorist activity, and that ISIS has engaged or engages in terrorism.

Throughout the period of the conspiracy, Defendant participated in numerous

discussions with his co-defendants in the Western District of Michigan during which they discussed traveling to Somalia to join ISIS.  In furtherance of the conspiracy, Defendant, Muse Muse, and Muse all adopted fighter ("kunya") aliases by which they would be known when fighting in Somalia for ISIS.  Defendant chose the kunya alias "Salamujahid Almuhajir" and a Facebook account was created in that name on Defendant's behalf on or about November 18, 2018.  Muse Muse chose the kunya alias "Ali Almuhajir" and created a Facebook account in that name on or about November 11, 2018.  Muse chose the kunya alias "Abu Osama Almuhajir" and a Facebook account was created in that name on Muse's behalf or about November 13, 2018.

On or about October 30, 2018, Muse Muse sent to Defendant the Arabic language text of the "bayah" or pledge required to join ISIS.  Defendant found an Arabic speaker to record the bayah in a video for Defendant, Muse Muse, and Muse to use as a sample to record their own bayah videos, and Defendant sent the bayah sample back to Muse Muse on October 30, 2018.  Muse Muse recorded his own bayah video on November 7, 2018; Muse recorded his bayah video on November 15, 2018; and Defendant recorded his bayah video on November 19, 2018.  Defendant, Muse Muse, and Muse submitted their bayah videos to individuals they believed represented ISIS.

On or about December 14, 2018, Defendant and Muse Muse traveled from Lansing, Michigan to Benton Harbor, Michigan to meet an individual who went by the ISIS kunya "Rabbil Almuhajir" and whom Defendant and Muse Muse believed to be a potential ISIS fighter recruit and traveler to Somalia.  While in Benton Harbor with Rabbil Almuhajir, Defendant and Muse Muse recorded a video of a bayah pledge made by Rabbil Almuhajir and sent the video to an individual they believed to be an ISIS fighter, followed by two additional video recordings sent to the same ISIS fighter regarding their recruitment accomplishment.

In or about December 2018 and January 2019, Defendant and Muse discussed their plans and timeline to also travel to Somalia in support of ISIS.  Defendant and Muse agreed to leave together shortly after Muse Muse.

Between December 2018 and January 2019, Muse Muse coordinated with an individual he believed to be a Somali ISIS fighter to wire Muse Muse funds in $300 increments through the MoneyGram currency transfer service. The funds were to be used to purchase airline tickets for travel to Mogadishu, Somalia, where he believed he would meet an ISIS representative.  Defendant picked up $300 from MoneyGram on January 5, 2019 and passed it to Muse Muse. Muse Muse also picked up funds from MoneyGram on or about this same time period.

On January 21, 2019, Defendant, Muse Muse, and Muse all traveled by automobile from Lansing, Michigan to the Gerald R. Ford International Airport in Grand Rapids, Michigan to attempt to provide material support, including personnel, to a foreign terrorist organization, namely ISIS.  Defendant and Muse traveled with Muse Muse to transport him to the airport and see him off.  Muse drove the other two and parked the vehicle in the short-

term parking lot at the airport. Defendant, Muse Muse, and Muse all entered the terminal together. Muse Muse checked in for his flight, and proceeded to the Transportation Security Administration ("TSA") security checkpoint. Shortly thereafter, Defendant was arrested in the airport terminal by law enforcement officers.

7. <u>The United States Attorney's Office Agrees</u>:

a. <u>Dismissal of Other Count.</u> The U.S. Attorney's Office agrees to move to dismiss the remaining count (Count 2) of the Indictment against Defendant at the time of sentencing.

b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

8. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.

Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Non-Binding Stipulations Regarding Guideline Factors and Supervised Release</u>. The Defendant and the U.S. Attorney's Office agree and stipulate to the following advisory Sentencing Guideline factors:

    a. The applicable Guideline section is USSG § 2M5.3(a), which provides a base offense level of 26.

    b. The facts of this case support no specific offense characteristics or cross references in USSG § 2M5.3(b) or (c).

    c. Pursuant to USSG § 3A1.4, the offense is a felony that involved, or was intended to promote, a federal crime of terrorism (a 12 level increase) and Defendant's criminal history category is VI.

    d. Pursuant to 18 U.S.C. § 3583(j), the facts of this case support a lifetime term of supervised release.

Defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments, and departures are appropriate.  Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Both Defendant and the U.S.

Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

      10.    <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

      a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

      b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

      c.    The right to confront and cross-examine witnesses against Defendant.

      d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

      f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

11. <u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>.

    a.     <u>Waiver</u>.  In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.     <u>Exceptions</u>.  Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        1)     Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        2)     Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        3)     the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

        4)     the guilty plea was involuntary or unknowing;

        5)     an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

12.     <u>FOIA Requests</u>.  Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court Is Not a Party to This Agreement</u>. Defendant understands that the Court is not a party to this Plea Agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this Plea Agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>. This Plea Agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This Agreement applies only to crimes committed by Defendant. This Plea Agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If Defendant breaches any provision of this Plea Agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this Agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this Agreement. In the event that the United States elects to terminate this Plea Agreement, the Agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this Agreement, as though no Agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional

charges as the law and facts warrant.   Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this Plea Agreement.

16. <u>This Is the Complete Agreement</u>.   This Plea Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.   No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

17. <u>Deadline for Acceptance of Agreement</u>.   If a copy of this Agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by May 31, 2021, this Agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

|  |  |
|---|---|
| | ANDREW BYERLY BIRGE<br>United States Attorney |
| 28 May 2021<br>Date | *(signature)*<br>CLAY M. WEST<br>CHRISTOPHER M. O'CONNOR<br>Assistant United States Attorneys |

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

|  |  |
|---|---|
| 05/05/2021<br>Date | *(signature)*<br>MOHAMED SALAT HAJI<br>Defendant |

I am Mohamed Salat Haji's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

|  |  |
|---|---|
| 05/05/21<br>Date | *(signature)*<br>DANIEL R. FAGAN<br>Attorney for Defendant |