# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                    Case No.:  1:19-cr-25-02

vs.                                  Hon.:  ROBERT J. JONKER
                                     CHIEF U.S. DISTRICT JUDGE

MOHAMED SALAT HAJI,           **SENTENCING**
                                    **MEMORANDUM AND**
                                    **BRIEF IN SUPPORT OF**
                                    **DEPARTURE FROM**
          Defendant,         **ADVISORY GUIDELINES**

_____/

| | |
|---|---|
| Daniel R. Fagan | Clay M. West |
| Daniel R. Fagan & Associates, P.C. | Christopher M. O'Connor |
| Defense Counsel | Assistant U.S. Attorney |
| 429 Turner Avenue NW | 330 Ionia Avenue NW Ste 501 |
| Grand Rapids MI 49504 | Grand Rapids MI 49503 |
| P:  (616) 224-2564 | P:  (616) 456-2404 |
| fagandrlaw@gmail.com | Clay.M.West@usdoj.gov |
| | Christopher.OConnor@usjoj.gov |

_____

      NOW COMES the Defendant, Mohamed Salat Haji, by and through his

counsel of record Daniel R. Fagan & Associates, P.C., by Daniel R. Fagan and

does present to this Court his Sentencing Memorandum and his argument for

departure from the advisory guidelines.

      Counsel for Mohamed Haji recognizes that this Court has already sentenced

Defendant Muse Abdikadir Muse and Mohamud Abdikadir Muse.  Counsel

strongly opines that the Court's approach to sentencing of Mohamed Haji should be similar to the approach it has taken with Muse Muse and Mohamud Muse for the obvious reason that Mohamed Haji is quite similarly situated.

## Nature and Circumstances of Mohamed Haji's Offense

## and His History and Characteristics

Defendant Mohamed Haji tendered a plea of guilty to Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B(a)(1).  Mohamed Haji pled on June 09, 2021 after lengthy pretrial motions and forensic evaluation of Mr. Haji, as Mr. Haji's then-counsel determined necessary.  The Court will no doubt recollect the clarity and emphatic nature of Mr. Haji's acknowledgment of his illegal conduct at the plea proceedings in June.

Mr. Haji, in 2017, when this conspiracy began, was only 24 years old.  The behavior of Mr. Haji and other Defendants was not only youthful and immature, but, extremely unsophisticated and never developed to the level of actually assisting in any terrorism.  Mr. Haji, like co-defendant Muse Muse, had no prior military training, no previous association with known terrorist operatives or even a real workable scheme to assist ISIS. It is significant to note that, while co-defendant Muse Muse *did* obtain a plane ticket to travel to Somalia, presumably to try to fight for ISIS there, he had no contacts in Somalia and no knowledge of the

country or the language or how he could possibly become a soldier for ISIS. Counsel does not suggest that Mr. Haji was somehow inveigled against his will into this conspiracy with Muse Muse and Mohamud Muse.  Defendant Haji fully recognizes that his violation of an antiterrorism statute was the group's own decision, and his own decision.

In any case, Muse Muse was arrested and the entire conspiracy was exposed. Thankfully, no one was injured, no weapon was ever obtained and no terrorism whatsoever resulted from the actions of these three young men.

The Court is familiar with the United States Sentencing Guidelines for a case such as this.  The Guidelines wildly exceed the statutory maximum sentence of 240 months.  The Court has made it abundantly clear, in its sentencing of co-defendants, that it does _not_ believe that the 3553(a) factors are served by application of the Sentencing Guidelines as written.

This Court has provided Notice to the Government and Defense Counsel (**ECF No. 222, PageID 2207, 2208**), which Notice addresses the presumptive Guideline scoring range of (after a 3-point credit for Acceptance of Responsibility) an offense level of 35 and a Criminal History Category VI.  As the Court has noted, the resultant advisory sentence would be, with the plea and explicit Acceptance of Responsibility, more than four years in _excess_ of the statutory maximum of 240 months.  While the Government has conceded that it is

nonsensical to fail to credit the Defendants with Acceptance of Responsibility and other possible Downward Departures, the Court made it quite clear in its Notice of August 10, 2021 that the Government's resultant proposed sentence of 178 months in the case of co-defendant, Muse Muse was simply higher than this Court thought appropriate. The Court further indicated that it would be considering a Downward Departure in the Criminal History Category applicable under U.S.S.G. 4A1.3.

The Court likewise referred to a series of cases in its Notice, which made it clear that it did *not* consider the reduced sentence proposed by the Government in Muse Muse's case, following cooperation and a 5K1.1 downward departure, to be remotely appropriate. The Court directed all counsel to consider the findings in *United States v. Jumaev*, 2018 WL 3490886, Case Appendix following *22 (D. Colo. July 18, 2018). Counsel for Defendant Mohamed Haji has in fact reviewed the *Jumaev* case. Counsel respectfully requests that the Court apply the same rationale noted in *Jumaev* in its sentencing of Mohamed Haji. The Court should sentence Mohamed Haji similarly to his co-defendant cousins. This Court's obligation is, of course, to impose a sentence that is sufficient but not greater than necessary. There are strong reasons why Mr. Haji's sentence should be, again, similar to that of his co-defendants, including the arguments made in the *Jumaev* case, noting the lack of significant criminal history, the real risk that a longer incarceration might *create* more terroristic inclination than not, and, as this Court has significantly noted, that extremely long sentences for terroristic activity should

be limited to those cases where there has actually been real terrorism *committed*, such as the blowing up of a building or other acts.

The factors to be considered by this Court at sentencing are well known to it. Mohamed Haji's personal characteristics must be considered at sentencing. This Court is well aware that Mohamed Haji did not possess any weapons or participate in any assaultive conduct. While Mohamed Haji and his co-defendants expressed very strong terrorist sentiment, Mohamed Haji did *no* physical acts of violence whatsoever. He never did assist in purchasing a gun, or otherwise truly engage in terrorism.

This Court is well aware of its obligation to correctly score the Sentencing Guidelines, *Gall* v. *United States*, 552 U.S. 38, 49 (2007), this Court is entirely aware that the Guidelines do not control this Court's sentence and are treated only as one factor among many in determining the appropriate sentence under 3553(a) *Kimbrough* v. *United States*, 552 U.S. 85, 90 (2007). As this Court is again aware, the Sixth Circuit has recognized that *all* Sentencing Guidelines are advisory including those directed by Congress. *United States* v. *Michael*, 576 F. 3rd 323, 327 (6th Circuit 2009).

Mr. Mohamed Haji, at the beginning of this case, had no prior felony record and only one Driving While License Suspended conviction in 2018. He, like his co-defendants, came to the United States and obtained United States citizenship after relocation from Kenya in 2004, first moving to North Carolina, and then to

Lansing when he was approximately 9 years old. Mr. Haji did graduate from Sexton High School in Lansing and did attend classes at Lansing Community College.

### Need for Adequate Deterrence, 18 U.S.C. § 3553(a)(2)(B)

An excessively long prison sentence for Mr. Haji is inappropriate and unnecessary. Mr. Haji has accepted responsibility for his wrongful behavior. The Court can and should consider Mr. Haji's background and actual behavior since 2004, while a citizen in this country. Almost all of his behavior has been lawful and appropriate until this case. It is quite clear that the time Mr. Haji has already spent incarcerated has been a stark warning to him of how foolish his infatuation with ISIS-driven terrorism was.

### Need for Incapacitation, 18 U.S.C. § 3553(a)(2)(C)

Mr. Haji has renounced his behavior in this case and counsel strongly believes that he can be well-monitored after whatever incarceration he receives by means of lengthy Supervised Release so that there is no significant risk to the public of Mr. Haji committing further crimes.

This Court obviously should sentence Mr. Haji in a way which avoids unwarranted disparities with those similarly situated, like his co-defendants. This is clearly a case where a sentence somewhere in the range of that imposed by this Court on Muse Muse. Mr. Haji's conduct is not more serious, perhaps _less_ serious than that of his co-defendants. Mr. Haji's criminal history is virtually identical to

that of Muse Muse at least.  Mr. Haji arguably did _fewer_ explicit acts in this conspiracy than did Muse Muse.

Muhammad Haji has struggled with mental health issues during the long course of his incarceration in this case. Some of his behavior while being forensically evaluated was wildly inappropriate and hurtful. Mr. Haji has recently acknowledged the wrongfulness of his behavior and indicates he wishes to apologize and do better.  In fact, though Mr. Haji also had some behavioral trouble while in Newaygo County Jail, since June 22, 2021 he has been doing much better and has had _no_ negative conduct reports since then.  He has learned to regulate his behavior more appropriately.

A large number of family and friends have written to express their support for Mohamed Haji. These are attached. These letters certainly suggest that Muhammad Haji is well loved and has in fact been a valuable member of his community. There is every reason to believe he can be so again.

**Conclusion**

Counsel believes that a sentence similar to that imposed on Muse Muse would be appropriate in this matter.  Although Muse Muse did plead first and received a Downward Departure Motion by the government, Mr. Haji likewise has seen the error of his ways and wishes to live a life consistent with the laws of this country.

WHEREFORE, counsel does respectfully request that this Court sentence Mohamed Haji to no more than 78 months incarceration.

Dated: <u>September 15, 2021</u>                    Respectfully submitted,

                                                  /s/ *Daniel R. Fagan*
                                                  Daniel R. Fagan (P39735)
                                                  Attorney for Defendant